**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne B. Bearden, Jr., | No. CV-18-02451-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Carla Hacker-Agnew, et al., | |
| Respondents. | |

On August 2, 2018, Petitioner Wayne Bearden ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1). On July 17, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")'s statute of limitations. (Doc. 12). The R&R further recommended that a Certificate of Appealability be denied. (*Id.* at 9). This Court extended Petitioner's time to file objections to the R&R until September 6, 2019. (Doc. 14). Having not received any timely objections from Petitioner, the Court adopted the Magistrate Judge's R&R and dismissed the Petition with prejudice on September 20, 2019. (Doc. 15). On September 27, 2019, however, the Court unexpectedly received objections to the R&R from Petitioner—dated September 2, 2019 (four days before the September 6 deadline). (Doc. 17). The sudden surfacing of Petitioner's objections, exactly one week after this Court formally adopted the Magistrate Judge's R&R (yet over a month since the Magistrate Judge first issued it), suggests that the objections were not

timely filed but instead submitted in response to this Court adopting the R&R. Nonetheless, without any clear evidence of back dating, this Court has no basis to challenge the date that Petitioner alleges to have submitted his objections—even if that means assuming prison officials refused to deliver the objections to the Court for nearly four weeks. So, because "[u]nder the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court," this Court must reluctantly accept Petitioner's objections as timely filed on September 2, 2019. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Accordingly, pursuant to Federal Rule of Civil Procedure 60(b), this Court must vacate its prior judgment dismissing the Petition with prejudice and evaluate Petitioner's objections.

## I. REVIEW OF AN R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."). As discussed above, Petitioner filed objections to the R&R, (Doc. 17), and the Court will review those objections de novo.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In January 2016, the Maricopa County Superior Court entered judgment convicting Petitioner of assisting a criminal street gang, sale or transfer or offer to sale or transfer narcotic drugs, possession of narcotic drugs, sale or transportation of marijuana, possession of marijuana for sale, and misconduct involving a weapon. (Doc. 1 at 1–2). Per the plea agreement, the trial court sentenced Petitioner to twelve years in prison along

with fines and community service. (*Id.* at 2). On February 16, 2017, the trial court dismissed Petitioner's petition for post-conviction relief. (*Id.* at 16). On October 17, 2017, the Arizona Court of Appeals denied Petitioner's motion for review because Petitioner failed to file it within thirty days of the trial court's dismissal. (*Id.* at 16). On August 2, 2018, Petitioner initiated this federal habeas proceeding. (*Id.* at 1). The Court required Respondents to answer the Petition. (Doc. 7). Respondents filed their Answer on February 6, 2019, claiming that the Petition is barred by AEDPA's statute of limitations. (Doc. 10). Petitioner filed a Reply on February 22, 2019. (Doc. 11). A Magistrate Judge issued an R&R to the Court on July 17, 2019, recommending that the Court deny the Petition with prejudice because AEDPA's statute of limitations had expired on March 23, 2018 (one year after Petitioner's deadline to file a petition for review in the Arizona Court of Appeals). (Doc. 12). This Court extended Petitioner's time to file objections to the R&R until September 6, 2019 (Doc. 14) and, accordingly, will review Petitioner's objections (Doc. 17), dated September 2, 2019.

**III. R&R**

The R&R recommends that the Petition be denied as barred by the AEDPA's statute of limitations. (Doc. 12 at 3–8).

As explained by the Magistrate Judge, the AEDPA, 28 U.S.C. § 2244(d), provides a one-year statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal court. (*Id.* at 2). The Magistrate Judge determined that, according to 28 U.S.C. § 2244(d)(1)(A), Petitioner's one-year period began on March 24, 2017: the day after his deadline to file a petition for review in the Arizona Court of Appeals. (*Id.* at 3–5). She thus found that Petitioner's one-year period expired on March 23, 2018, rendering his Petition untimely because he did not file it until August 2, 2018. (*Id.* at 5–6). Furthermore, she concluded that statutory tolling could not extend the filing period because "Petitioner did not file a PCR proceeding following dismissal of his of-right PCR proceeding." (*Id.* at 6). She also rejected equitable tolling because Petitioner failed to meet his burden of showing that "extraordinary circumstances" precluded him from filing

the Petition on time. (*Id.*). Finally, the Magistrate Judge declined to excuse Petitioner's late filing based on the "actual innocence gateway" because he had not raised "new reliable evidence" that, when taken by a reasonable juror, would exculpate him of the crimes alleged. (*Id.* at 7). For these reasons, the Magistrate Judge recommended that this Court dismiss the Petition. (*Id.* at 8).

## IV. PETITIONER'S OBJECTIONS

Petitioner objects to the Magistrate Judge's R&R—but not on any of the grounds actually raised in it. (*Compare* Doc. 17, *with* Doc. 12). Rather, Petitioner raises three unrelated challenges, claiming that: (1) the prosecution failed to provide the trial court with facts establishing subject matter jurisdiction; (2) the prosecutors violated their oath of office and Petitioner's due process rights by failing to prove subject matter jurisdiction; and (3) the prosecution relied on "unconstitutional" statutes that lacked "jurisdictional identity and constitutional authority." (Doc. 17 at 4–9). Because Petitioner does not even attempt to refute the Magistrate Judge's central finding that the statute of limitations bars his Petition altogether, this Court will accept that finding as correct. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination [only] of those portions of the report or specified findings or recommendations to which objection is made."); *Thomas*, 474 U.S. at 149 (holding that district courts do not have to review any issue in a magistrate's recommendation "that is not the subject of an objection"). So, accepting—as the Magistrate Judge found—that the statute of limitations procedurally bars the Petition, this Court will refrain from reviewing the Petition's substantive claims. *See* 28 U.S.C. § 2244(d)(1).

Moreover, potential "equitable exceptions" to the AEDPA's statute of limitations—"such as when a petitioner demonstrates diligence and extraordinary circumstances, or actual innocence"—cannot provide Petitioner relief because those exceptions do not include "the state court's alleged lack of subject matter jurisdiction." *Tucker v. Ryan*, No. CV-13-00577-PHX-JAT, 2014 WL 1329293, at *5 (D. Ariz. 2014) (citing *Lee v. Lampart*, 653 F.3d 929, 933–34 (9th Cir. 2011)). Hence, this Court must

accept, once again, the R&R's conclusion that the AEDPA's statute of limitations bars the Petition.

## V. Conclusion

Based on the foregoing,

**IT IS ORDERED** that pursuant to Federal Rule of Civil Procedure 60(b) the prior Order (Doc. 15) and Judgment (Doc. 16) are vacated so the Court can consider the objections (Doc. 17) as timely filed.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 12) is accepted and adopted. The objections (Doc. 17) are overruled. The Petition is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event that Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the Petition is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 7th day of November, 2019.

James A. Teilborg
Senior United States District Judge